# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD F. COWAN, #N-32717, )
                                                )
       **Plaintiff,**                 )
                                                )
vs.                                          )         CIVIL NO. 10-521-MJR
                                                  )
MEARL J. JUSTUS, *et al.,*          )
                                               )
       **Defendants.**              )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, Reginald F. Cowan, an inmate in Jacksonville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising out of incidents that occurred while Plaintiff was housed as a pretrial detainee in the St. Clair County Jail. Plaintiff is now serving a six year sentence for residential burglary. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff Cowan complains that while he was a pretrial detainee housed in the St. Clair County Jail, from September 2, 2008, to June 4, 2009, a period of 40 weeks, he was deprived of access to meaningful exercise. Because of his disability, he was not housed with the general population, but instead spent the entire period of his pretrial detention housed in the medical infirmary. He alleges that because of his housing location, he was denied access to the yard, gym, and exercise equipment. He names as defendants St. Clair County Sheriff Mearl Justus, Jail Superintendent Phillip McLauren, Health Care Unit Administrator Jane Doe, and the County of St. Clair. Plaintiff has pled two nearly identical counts describing the deprivation of his rights

to exercise/recreation, the only difference being that Count I asserts a violation of his rights under 42 U.S.C. § 1983, and Count II asserts that the Defendants' conduct also violated his rights under an unspecified "Illinois Department of Corrections Administrative Directive."

Subsequent to the filing of his complaint on July 15, 2010, Plaintiff filed two Motions for Leave to File Amended Complaint. Plaintiff's October 12, 2010, motion seeks to substitute into Count II the specific statute he claims was violated by the Defendants, "Illinois Department of Corrections Administrative Regulations Code, Article 7, 730 I.L.C.S. 5/3-7-2(c)." His second motion, filed February 7, 2011, states that he has now identified the Jane Doe defendant as Jennifer Rude-Little, and seeks to add her as a named defendant.

Plaintiff requests a jury trial; a preliminary and permanent injunction to stop the Defendants from further violating the rights of detainees; an order requiring the Defendants to enact adequate procedures and rules to protect other detainees from harm; unspecified compensatory and punitive damages; costs and attorney's fees.

**Discussion**

Based on the allegations of the complaint, the Court will adopt the Plaintiff's designation of his claims into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Denial of Exercise, 42 U.S.C. § 1983**

Claims brought pursuant to Section 1983, when involving detainees, arise under the Fourteenth Amendment's due process clause and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it

convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289-92 (7th Cir. 1991).

In Plaintiff's case, he alleges that other detainees routinely enjoyed access to the yard, gym, and exercise equipment, but that he was denied this access despite his numerous requests, and suffered "severe physical and emotional damage and distress" as a result. Plaintiff's complaint alleges that Defendants McLauren (Superintendent) and Jane Doe (Administrator) made the decision to house Plaintiff in the medical infirmary. Plaintiff states that he was not housed in the infirmary or deprived of access to the yard and gym due to any misconduct, disciplinary reason or other "legitimate governmental objective." Instead, he alleges that he was denied access to recreational areas for no other reason than the fact of his disability (plaintiff has an above the elbow amputation of his right arm), which he claims was the basis for his housing placement. If true, these claims make the alleged denial of exercise privileges even more

suspect.

The courts have long recognized the importance of access to meaningful exercise opportunities for prisoners, and the Seventh Circuit has held that the "lack of exercise can rise to a constitutional violation[.]" *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (prisoner held in segregation for 6 months with no opportunity for out-of-cell exercise stated Eighth Amendment claim).

> Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70-day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir. 1986) (limited recreational activities sufficient, where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

*Delaney*, 256 F.3d at 683-84.

Keeping in mind that Plaintiff was a pretrial detainee, his claim that he was denied all access to the yard, gym, and exercise equipment for the nine months of his detention states an objectively serious deprivation of his rights under the Eighth Amendment.

Plaintiff must also satisfy the subjective component of a deliberate indifference claim, a showing that the Defendants "acted or failed to act despite [their] knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). His complaint outlines many

attempts to secure the exercise rights afforded to other detainees.  He first made approximately 20 requests to officers/guards, then was instructed to contact a Lieutenant.  He made four direct requests to each Lieutenant, and was then told to file a complaint using a "Captain's Request Form," which he did "repeatedly."  He then made written requests directly to the Warden (Defendant Justus) and the Health Care Unit Administrator (Defendant Jane Doe).  All his requests were ignored.  Plaintiff has thus alleged that he made Defendants Justus and Doe aware of his deprivation of access to exercise, and they failed to act.

Plaintiff alleges that Defendant McLauren, the Jail Superintendent, was one of the responsible parties, along with Defendant Doe, in making the decision to house Plaintiff in the infirmary where he did not have access to exercise facilities.  The alleged reason for this placement and differential treatment was the fact that Plaintiff has a disability.  The "intent to disadvantage all members of a class that includes the plaintiff," may be sufficient to state a claim for deliberate indifference.  *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998); *see also Delaney*, 256 F.3d at 686.   Plaintiff has sufficiently alleged that Defendants McLauren and Doe, on account of his status as a disabled prisoner, housed him in a location where they knew he would not have the opportunity to exercise.

Plaintiff also notes that Defendant McLauren, as Jail Superintendent, is the individual responsible for the conditions at the jail.  Plaintiff also names the County of St. Clair as a defendant.  In order to obtain relief against a municipality or local government unit, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the local entity.  *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 691 (1978).  All of Plaintiff's allegations are based upon the conditions, policies, and

customs of the St. Clair County Jail and the County of St. Clair. Accordingly, Plaintiff may proceed against the County of St. Clair as well as against the other Defendants. The claim against Defendants Justus, McLauren, Doe and St. Clair County cannot be dismissed at this stage.

**Count 2 - Denial of Exercise in Violation of State Statute**

Plaintiff's second claim restates the identical factual allegations outlined in Count One, and claims that the Defendants' deprivation of his access to meaningful exercise, in addition to violating his constitutional rights, violates Illinois state law. Plaintiff later identified the statute in question as 730 Illinois Compiled Statutes 5/3-7-2(c), which provides:

> All institutions and facilities of the Department shall provide facilities for every committed person to leave his cell for at least one hour each day unless the chief administrative officer determines that it would be harmful or dangerous to the security or safety of the institution or facility.

730 I.L.C.S. 5/3-7-2(c).

First, the statute in question is directed toward the Illinois Department of Corrections, and applies to "committed person[s]" housed in state correctional facilities. By definition, it would not apply to the county jail, or to Plaintiff so long as he remained a pretrial detainee and was not yet a "committed person."

Secondly, even if Defendants had violated this state statute, such a violation would not give rise to a constitutional claim actionable under Section 1983. "The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." *Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979) (citations omitted). "The federal government is not the enforcer of state law." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

Accordingly, Count Two of the complaint must be dismissed.

**Pending Motions**

Plaintiff's October 12, 2010, Motion for Leave to File Amended Complaint (Doc. 8), seeks to insert the appropriate statutory citation into Count Two. As Count Two is being dismissed, this motion is **DENIED** as moot.

Plaintiff's February 7, 2011, Motion for Leave to File Amended Complaint (Doc. 11), identifies the Jane Doe defendant (Health Care Administrator) as Jennifer Rude-Little and requests modification of the complaint to identify this defendant by name. Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" As this case is under threshold review pursuant to 28 U.S.C. § 1915A, Defendants have not yet been served with the complaint. Accordingly, Plaintiff's motion to amend the complaint (Doc. 11) is **GRANTED**. The amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Plaintiff is ordered to file his amended complaint, the contents of which shall comply with the disposition herein, within 30 days of the entry of this order (on or before March 28, 2011).

In addition to his motions to amend, Plaintiff has filed several exhibits which were not included with his original complaint (Doc. 6, filed July 27, 2010, and Docs. 7-1 through 7-10, filed September 7, 2010). The Court finds it expedient at this stage to treat these exhibits as if they had been tendered along with the original complaint. Therefore, Plaintiff's Exhibit A (Doc. 6), Exhibit B (Doc. 7-1), Exhibit C (Doc. 7-2), Exhibit D (Doc. 7-3), and Exhibit K (Doc. 7-10),

shall be accepted and Plaintiff is **ORDERED** to re-file these exhibits along with his amended complaint. However, Exhibits E through J, consisting of unsigned affidavits, do not comply with Federal Rule of Civil Procedure 11(a) and must be stricken by the Court. Thus, the Clerk is directed to **STRIKE INDIVIDUALLY FROM THE RECORD** Exhibits E, F, G, H, I, and J (Docs. 7-4, 7-5, 7-6, 7-7, 7-8, and 7-9).

Further, the Plaintiff is warned that any future proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed. The Court will not accept piecemeal amendments to the original complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT TWO** fails to state a claim upon which relief can be granted, therefore **COUNT TWO** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file his First Amended Complaint within 30 days of the entry of this order (on or before March 28, 2011). If Plaintiff wishes the court to consider Exhibits A (Doc. 6), Exhibit B (Doc. 7-1), Exhibit C (Doc. 7-2), Exhibit D (Doc. 7-3), and Exhibit K (Doc. 7-10), he must re-file these exhibits along with his amended complaint. Failure to file an amended complaint may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Service on the Defendants shall not be initiated until receipt of the amended complaint by the Clerk of Court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 2/24/2011

s/ Michael J. Reagan

**U.S. District Judge**