IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD F. COWAN. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-521-MJR |
| ) | |
| MEARL JUSTUS, PHILLIP McLAUREN, ) | |
| JENNIFER RUDE-LITTLE, and ) | |
| ST. CLAIR COUNTY. ) | |
| ) | |
| Defendants. ) | |

FILED
MAR 24 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

**AMENDED COMPLAINT**

PLAINTIFF, Reginald F. Cowan, pro se, files this amended complaint against the Defendants, Mearl J. Justus, Phillip McLauren, Jennifer Rude-Little, and St. Clair County, for violations of his constitutionally secured rights, and violations of Departmental rules and policies, pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act.

**THE PARTIES**

1. Plaintiff was a pretrial detainee being held at the Saint Clair county jail, hereafter referred to SCCJ, located in the City of Belleville, County of Saint Clair, State of Illinois, on $200,000.00 bond awaiting trial for felony charges. Plaintiff was held in custody at the jail from September 2, 2008, until June 4, 2009.

2. Defendant Mearl Justus, hereafter referred to as Warden, is the duly elected Sheriff of Saint Clair County and therefore pursuant to 730 ILCS 125/2, the warden of the SCCJ and has custody of all prisoners of the jail. Warden is also a citizen of the United States, and has been throughout the times detailed in the complaint.

1.

3. Warden is being sued in his individual capacity as well as his official capacity.

4. Defendant Phillip McLauren, hereafter referred to as Superintendent, is the duly appointed Superintendent of the SCCJ, pursuant to 730 ILCS 125/3, who is responsible for the day to day care and maintenance of the jail. Superintendent is also a citizen of the United States, and has been throughout the times detailed in the complaint.

5. Superintendent is being sued in his individual capacity as well as his official capacity.

6. Defendant Jennifer Rude-Little, and at all times herein mentioned, was the Health Care Unit Administrator of the SCCJ between the dates of 09/02/2008 and 06/04/2009, hereafter referred to as Administrator, was responsible for recommending any and all medical treatment of plaintiff to the Warden of the jail. To the best of the Plaintiff's knowledge, the Administrator was also a citizen of the United States, and has been throughout the times detailed in the complaint.

7. Administrator is being sued in her individual capacity as well as her official capacity.

8. At all times mentioned, the defendant, County of St. Clair, was and now is a county within the State of Illinois and within the jurisdiction of this judicial district, and is sued in their individual and or official capacity.

## JURISDICTIONAL STATEMENT

9. This Court has jurisdiction to hear this cause and to order relief pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §§ 1231 et seq. The Americans with Disabilities Act (ADA).

## VENUE

10. On information and belief, all defendants are residents of the Southern District of the State of Illinois. Therefore, under U.S.C. § 1391(b)(1) is

properly brought before this Court in the Southern District of Illinois. Venue in this District is also proper pursuant to 28 U.S.C. § 1391(b)(2) due to a many of the events contained in the complaint occurred in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff was a pretrial detainee at the SCCJ in the City of Belleville, County of Saint Clair, State of Illinois.

12. Plaintiff was detained at the SCCJ from September 2, 2008 until June 4, 2009.

13. At all times relevant herein detailing treatment while detained in the SCCJ, the Plaintiff was in the custody of Warden, who was legally responsible for his care and treatment.

14. As the duly elected Sheriff of Saint Clair County, Warden had a duty to protect and secure the rights, privileges, and immunities of the Plaintiff as guaranteed by the United States Constitution, the Constitution of the State of Illinois, and all State and Federal Statutes during the Plaintiff's detainment at the SCCJ facility.

15. At all times relevant herein Superintendent was the duly appointed superintendent of the SCCJ facility, responsible for supervising individuals responsible for the day to day maintenance and care of the Plaintiff while detained at the SCCJ facility, Superintendent also had the duty to protect and secure the rights, privileges, and immunities of the Plaintiff as guaranteed by the United States Constitution, the Constitution of the State of Illinois, and all State and Federal Statutes during the Plaintiff's detainment at the SCCJ facility.

16. At all times relevant herein Administrator was responsible for supervising staff and overall operations of the SCCJ Health Care Unit and all health care

of the Plaintiff while detained at the SCCJ facility.

17. As the Chief Medical Officer at the facility, Administrator had a duty to protect and secure the rights, privileges and immunites of the Plaintiff as pertaining to his physical and mental health as guaranteed by the United States Constitution, the Constitution of the State of Illinois, and all State and Federal Statutes during the Plaintiff's detainment at the SCCJ facility.

18. As the Defendants held supervisory positions, they were ultimately responsible for the action of the officers, guards, medical staff, employees, and agents acting in their official ministerial and discretionary capacities, and a duty to implement procedures and administrative directives that ensure the Plaintiff's rights and privileges are protected.

19. Under the Due Process Clause of the Constitution of the United States, a detainee may not be punished prior to an adjudication of guilty, as a pretrial detainee, the condition of pretrial confinement imposed upon the Plaintiff must be reasonably related to a legitimate government objective.

### COUNT I

### FAILURE TO ENSURE PLAINTIFF'S ACCESS TO MEANINGFUL EXERCISE FOR 40 WEEKS – WARDEN INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY: SUPERINTENDENT INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; ADMINISTRATOR IN HER INDIVIDUAL AND OFFICIAL CAPACITY AND COUNTY OF SAINT CLAIR

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Beginning on or about the date of September 2, 2008, the date the Plaintiff was taken into the custody of the Warden at the SCCJ facility, and until June 4, 2009, Defendants Superintendent, and Administrator acting under color of law deprived Plaintiff of his rights, privileges and immunites secured by the United States Constitution, the Constitution of the State of Illinois, and State and Federal Statutes.

22. Defendants, Warden, Superintendent, and Administrator demonstrated deliberate indifference to Plaintiff's constitutional right to freedom of exercise, secured

4.

by the Fourteenth Amendment to the United States Constitution, including but not limited to the following:

    a)    While detained at the SCCJ, Plaintiff was denied freedom of exercise by the Defendants Superintendent and Administrator, as they placed and housed the Plaintiff based on his disability, and pursuant to this placement was thereby denied access to yard, gym and availability of exercise equipment, and that such placement and housing was not applied in a good-faith effort to maintain or restore discipline or security, but was done so in excess of their ministrerial duties negligently and or willfully and wantonly caused harm to Plaintiff.

    b)    After the Plaintiff sent approximately twenty requests and inquiries to SCCJ staff [Officer-Guards], rather than assisting Plaintiff in access to exercise facilities, he was told to direct his inquires and concerns to a Lieutenant, Lieutenants are commanders and supervisors of each shift, and the denial of any assistance was not a good-faith effort to maintain or restore discipline or security, but was done so in excess of their ministerial duties negligently and or willfully and wantonly caused harm to the Plaintiff.

    c)    After four direct requests to each lieutenant the Plaintiff was then directed to file a complaint through a "Captain's Request Form." Plaintiff repeatedly completed and filed these forms, and was subsequently ignored, and Plaintiff's access to yard, gym, and exercise facilities was continued and this denial was not a good-faith effort to maintain or restored discipline or security, but was done so in excess of their ministerial duties negligently and or willfully wantonly caused harm to the Plaintiff.

    d)    After the Plaintiff received no response or acknowledgment of his inquiries, another detainee recommended to the Plaintiff that he contact

warden and Administrator through written inquiries and requests, though warden and administrator were present at the SCCJ facility Monday through Friday of each week, the Plaintiff received no response or acknowledgement of his written inquiries or requests and that such denial to respond or act was not a good-faith effort to restore discipline or security, but was done so in excess of their ministerial duties negligently and or willfully and wantonly caused harm to the Plaintiff.

23. The actions of the agents and employees Warden, Superintendent and Administrator were performed with deliberate indifference to the health and welfare of the Plaintiff in excess of their ministerial duties negligently and or willfully and wantonly caused harm to the Plaintiff in violation of the Fourteenth amendment to the United States Constitution.

24. The actions of the agents and employees of the SCCJ, Warden, Superintendent and Administrator were performed in disregard to the rights of the Plaintiff and with the knowledge that commitment of these acts would result in substantial risk or serious harm to the Plaintiff's current and future health and welfare.

25. The actions of the agents and employees of the SCCJ, Warden, Superintendent, and Administrator were not performed in their best interest but was committed punitively against Plaintiff without any legitimate governmental objective.

26. Plaintiff asserts that on information and belief that he was initially charged with Aggravated Battery of a Peace Officer, who was a member of the Saint Clair County Sheriff's Department.

27. Defendants Saint Clair County, Warden, Superintendent, and Administrator are liable and legally responsible for the actions of their agents due to the improper training, supervision and oversight of the agents actions.

28. Defendant Saint Clair County, Warden, Superintendent, and Administrator failed to create, enact and fulfill rules and policies and failed to properly

supervise their agents in the performance of their duties to protect the Plaintiff, this failure demonstrates deliberate indifference to the Plaintiff's health and welfare.

29. Defendants Saint Clair County, Warden, Superintendent, and Administrator failed to ensure that their agents understood and upheld **"Rights of a Disabled Person," thereby acting in deliberate indifference to the health and welfare of the Plaintiff.**

30. Had the Defendants Saint Clair County, Warden, Superintendent, and Administrator provided proper training, policies, rules, and supervision of their agents and employees the Plaintiff would not have suffered **any** harm nor been subjected to unreasonable denial of exercise and would have received adequate protections and medical care.

31. The actions of the agents and employees of Defendants Saint Clair County, Warden, Superintendent, and Administrator were performed pursuant to a custom, policy and practice under which the agents and employees of the Defendants should have known of substantial risk of harm to the Plaintiff and his protected constitutional rights.

32. The actions of the agents and employees of the Defendants Saint Clair County, Warden, Superintendent, and Administrator were in bad faith and beyond the scope of their discretionary duty and authority and in violation of their ministerial duties.

33. As a result of Defendants actions, and or failure to act, collectively, and or independently, prevented Plaintiff from participating in religious programs, recreational activities, social interaction with others similarly situated, violated Plaintiff's Constitutional Rights to Due Process and Equal Protection under the United States Constitution.

34. Plaintiff's right to reasonable health, welfare, safety and exercise are clearly established elements of the United States Constitution and were at all times herein.

35. The agents and employees of defendants Saint Clair County, Warden, Superintendent, and Administrator knew, or reasonable should have known, that their actions, as described herein, constituted the violation of Plaintiff's clearly established constitutional right to Due Process and Equal Protection.

36. That actions of defendants Saint Clair County, Warden, Superintendent, and Administrator through their agents and employees and the actions of the Defendants described herein represented the official policy, custom and practice of Warden, Superintendent, and Administrator.

37. As a direct and proximate result of the actions described herein Plaintiff has suffered severe physical and emotional damage and distress.

38. The conduct of Saint Clair County, Warden, Superintendent, and Administrator as described herein showed a conscious disregard to Plaintiff's requests and letters, his constitutional rights to exercise, reasonable safety and health care, and therefore Plaintiff is entitled to recover additional damages from the Defendants for aggravated circumstances in such sum which will serve as punitive action against the Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

    (a) Enter Judgment in favor of the Plaintiff on this Complaint;

    (b) Preliminary enjoin Defendants and their agents and employees from further violations of detainees's rights as secured by the law and constitution of the United States;

    (c) Permanently enjoin Defendants and their agents and employees from further violations of rights as secured by law and the Constitution of the United States and Administrative Directives;

    (d) Order the Defendants to enact adequate procedures and rules to ensure

other detainee's are protected from future harm;

(e) Award Plaintiff damages to compensate for Defendants violations of Plaintiff's rights as secured by the United States Constitution and the law of the United States and the State of Illinois;

(f) Award the Plaintiff punitive damages in an amount the court deems fit and proper;

(g) Award the Plaintiff damages for expenses of the prosecution of this action;

(h) Award to the Plaintiff damages, if any, to cover fees of legal counsel;

(i) Award the Plaintiff any other relief as the Court deems fit and proper.

_____
Reginald F. Cowan

### CERTIFICATE OF AFFIDAVIT

The undersigned hereby certifies that a copy of the foregoing was served upon the Defendants, and solemnly swears that the facts contained herein are true and accurate, and as reason to belief, I sign under penalty of perjury.

_____
Reginald F. Cowan

## AFFIDAVIT

I, Reginald Cowan, being duly sworn do repose and state that the attached Motion To Amend is true and correct in substance and fact to the best of my knowledge.

/s/ R. Co
Petitioner

#N32717
2268 East
Morton Ave
Jacksonville, Illinois 62650

Subscribed and sworn to before me this 8 day of March, 2011.

/s/ Susan J Crowfoot
Notary Public

Ap. 21, 2012
Expiration of Commission

**OFFICIAL SEAL**
**SUSAN J. CROWFOOT**
Notary Public - State of Illinois
My Commission Expires Apr 21, 2012

## NOTICE OF FILING

TO: Clerk-U.S.D.S.
P.O. Box - 249
E. St. Louis, IL 62202

TO: _____

TO: _____

Please take notice on _____, 20__, I filed with _____ Court the attached _____ copy(ies) of which are served on you.

/s/ R. Co

## AFFIDAVIT OF SERVICE

STATE OF ILLINOIS, )
                   )
COUNTY OF          ) Morgan

I, Reginald Cowan, being sworn state that I served the attached notice on the above named person(s) by placing a true and correct copy in an envelope(s), addressed as shown above, with the proper U.S. postage on each and deposited the envelope(s) in the U.S. Mail at Jacksonville, Illinois, 62650, on or about the hour of _____ on March 8, 2011.

/s/ R. Co