IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REGINALD F. COWAN, N32717, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Law No. 10-cv-00521-MJR-SCW |
| | ) | |
| MEARL JUSTUS, PHILLIP MCLAUREN, | ) | |
| JENNIFER RUDE-LITTLE, and | ) | |
| ST. CLAIR COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT
## FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COMES the Defendant, JENNIFER RUDE-LITTLE, by her attorney, MATTHEW A. LURKINS, of HEYL, ROYSTER, VOELKER & ALLEN, and for her Memorandum of Law in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, states as follows:

### BACKGROUND

Plaintiff Reginald F. Cowan is currently incarcerated in the Illinois Department of Corrections at the Jacksonville Correctional Center. Plaintiff brings suit making allegations of violations of his constitutional rights that occurred while a pretrial detainee at the St. Clair County Jail. As a pretrial detainee, Plaintiff is subject to the Prisoner Litigation Reform Act. Pursuant to the Prisoner Litigation Reform Act, Plaintiff is required to exhaust his administrative remedies prior to filing suit. Plaintiff has failed to do so. Thus, summary judgment is appropriate in this case.

## UNDISPUTED FACTS

1. That Phillip L. McLaurin is the Jail Superintendent of the St. Clair County Jail. (See Affidavit of Phillip L. McLaurin [D/N 21-4] attached to Defendants Justus, McLaurin, and St. Clair County's Memorandum in Support of its Motion to Dismiss for Failure to Exhaust filed 05/12/11.)

2. That Phillip L. McLaurin is in charge of the St. Clair County Jail and its operations. (McLaurin Affidavit.)

3. That Phillip L. McLaurin took a special interest in Reginald Cowan while he was detained in the St. Clair County Jail. (McLaurin Affidavit.)

4. Phillip L. McLaurin would talk with Reginald Cowan on average once a week or more, many times in the privacy of McLaurin's own office. (McLaurin Affidavit.)

5. Reginald Cowan was aware of the grievance procedures available to all detainees at the St. Clair County Jail. (McLaurin Affidavit.)

6. Reginald Cowan made only two grievances to Phillip L. McLaurin during his stay at the St. Clair County Jail. (McLaurin Affidavit.)

7. His first grievance was that he wasn't being let out of his cell in a timely manner to go to the law library. (McLaurin Affidavit.)

8. Phillip L. McLaurin ruled in his favor and insured he got to the law library in a timely manner and then made him library clerk in order that he could spend more time in the library, helping other inmates find law materials. (McLaurin Affidavit.)

9. The only other grievance that Reginald Cowan made to Phillip L. McLaurin was that he didn't have an extra jail uniform. (McLaurin Affidavit.)

10. Again, Phillip L. McLaurin ruled in his favor and he received an extra uniform. (McLaurin Affidavit.)

11. Despite Reginald Cowan having direct communication with Phillip L. McLaurin on an almost weekly basis, he never once complained or made any grievance about not being afforded exercise. (McLaurin Affidavit.)

12. Phillip L. McLaurin assumed that because of his severely arthritic knee which he received daily medication for, that he had no desire or capability to go to the gym. (See McLaurin Affidavit; and St. Clair County Jail Medical Records [D/N 21-1] attached to Defendants Justus, McLaurin and St. Clair County's Memorandum of Law.)

13. If, in fact, Reginald Cowan had complained or filed a grievance regarding lack of exercise, Phillip L. McLaurin would have arranged for him to receive exercise/recreation time, provided he had medical clearance to do so. (McLaurin Affidavit.)

14. Reginald Cowan, despite having made personal grievances to Phillip L. McLaurin and despite his direct knowledge of the grievance procedure, never once in his entire stay ever filed a grievance or made a complaint to Phillip L. McLaurin regarding a request for exercise. (McLaurin Affidavit.)

## ANALYSIS

### A. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a Motion for Summary Judgment, the Court must look beyond the pleadings and assess the proof to determine whether or not there is a genuine need for a trial. If Defendants meet their burden in showing there is an absence of evidence to

3

support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. Celotex Corp. v Catrett, 477 U.S. 317, 324-25, 106 S.Ct. 254, 91 L.Ed.2d 265 (1986). In determining and evaluating a Motion for Summary Judgment, the Court views the evidence in the light most favorable to the opposing party and draws all justifiable inferences in his favor. A mere scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In the instance where this an absence of evidence to support a non-moving party's case, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See* Celotex, 477 U.S. at 325; *see also* Fed. R. Civ. P. 56(e); Outlaw, 259 F.3d at 837. A non-moving party may not rest on its pleadings, but must demonstrate that there is some admissible evidence that would support his or her position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary

judgment bears the burden to respond, not simply by resting on the pleadings, but setting out specific facts showing a genuine issue for trial.  See, Federal Rule of Civil Procedure 56(e).

Any affidavits used to refute the facts or to establish the facts must be based on the personal knowledge of the affiant.  Fed. R. Civ. P. 56(e).  Inferences and opinions may not be based on "flights of fancy, speculations, hunches, intuitions or rumors remote from that experience."  <u>Visser v. Packer Eng. Associates, Inc.</u>, 924 F.2d 655, 659 (7th Cir. 1991).

**B.** **<u>Exhaustion</u>**

Pursuant to the Prison Litigation Reform Act, all prison inmates bringing an action under 42 U.S.C. § 1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit.  42 U.S.C. § 1997e(a).  Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted.

The statute is "too clear" and suits "must be dismissed" if administrative remedies are not followed.  <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 533, 534 (7th Cir. 1999).

In the Illinois Department of Corrections, there is a grievance procedure.  The grievance procedure requires the prisoner to file a timely grievance regarding an issue at the institutional level; receive a response from the Chief Administrative Officer of the institution (Warden) and if the Warden denies the grievance, appeal the denial to the Administrative Review Board (ARB).  20 Ill. Admin. Code § 504.850.  Therefore, it is not until the ARB has made a decision that a prisoner has exhausted his administrative remedies.

Recently, the Seventh Circuit has further defined the sequence to be followed in a case in which exhaustion of administrative remedies was contested. The Seventh Circuit held:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).

According to the Affidavit provided by Phillip McLaurin, Plaintiff has failed to exhaust his Administrative Remedies with regard to the claims against Jennifer Rude-Little. Specifically, Plaintiff has failed to submit any grievances in relation to his lack of exercise time while at the St. Clair County Jail. Accordingly, Jennifer Rude-Little is entitled to judgment as a matter of law.

WHEREFORE, for the above-listed reasons, Defendant Jennifer Rude-Little respectfully requests this Court enter summary judgment in her favor and against the Plaintiff.

Respectfully submitted,

JENNIFER RUDE-LITTLE, Defendant

s/ Matthew A. Lurkins
Attorney for Defendant Little
IL ARDC #6286756
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, PNC Bank Building
1 North Old State Capitol Plaza
P.O. Box 1687
Springfield, IL  62705-1687
Phone:  217.522.8822. Ext. 219
Fax:   217.523.3902
Email:  mlurkins@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2011, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alvin C. Paulson:  acp@bphlaw.com

and I hereby certify that on June 29, 2011, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Reginald F. Cowan, #N32717
Jacksonville Correctional Center
Inmate Mail/Parcels
2268 East Morton Avenue
Jacksonville, IL 62650

s/ Matthew A. Lurkins
Attorney for Defendant Rude-Little
IL ARDC #6286756
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, PNC Bank Building
1 North Old State Capitol Plaza
P.O. Box 1687
Springfield, IL  62705-1687
Phone:  217.522.8822. Ext. 219
Fax:      217.523.3902
Email:  mlurkins@heylroyster.com

MXL/mh (05415-S9401)
16844439_1.DOCX