IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD F. COWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10−cv−0521−MJR−SCW |
| | ) |
| MEARL J. JUSTUS, PHILLIP MCLAURIN, COUNTY OF ST. CLAIR, and JENNIFER RUDE-LITTLE, | ) ) ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## BACKGROUND

*Pro se* Plaintiff Reginald F. Cowan ("Cowan") filed this civil rights action pursuant to 42 U.S.C. § 1983 and Illinois state law on July 15, 2010, alleging Defendants violated his constitutional rights while he was a pretrial detainee at the St. Clair County Jail ("SCCJ") in Belleville, Illinois (Doc. 1). Pursuant to 28 U.S.C. § 1915A, District Judge Reagan conducted a preliminary review of Cowan's Complaint on February 25, 2011. Judge Reagan dismissed *with* prejudice Cowan's claim alleging violations of Illinois state law (Doc. 12, Count 2). But Cowan's Fourteenth Amendment Due Process claim—that Defendants deprived him access to any meaningful exercise during the 40 weeks he was a pretrial detainee—was allowed to proceed against the above-named Defendants (Doc. 12). On May 4, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b), and SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 72.1(a)(2), Judge Reagan referred this action to the undersigned Magistrate Judge for further pretrial proceedings (Doc. 15).

Now before the Court for a Report and Recommendation are two motions: the St. Clair County Sheriff's Department's Motion to Dismiss for Failure to Exhaust (Doc. 20) and Defendant Jennifer Rude-Little's Motion for Summary Judgment (Doc. 27). Each motion alleges that Cowan failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court conducted an evidentiary hearing on Septermber 27, 2011. Specifically, the Court inquired into whether the SCCJ, in fact, made any administrative remedies available to pretrial detainees such as Cowan, and whether Cowan exhausted his administrative remedies as to his Fourteenth Amendment claim.

Based on the record now before the Court (including evidence submitted at the hearing) and the fully briefed motions, it is **RECOMMENDED** that District Judge Reagan **DENY** both dispositive motions (Docs. 20, 27) and adopt the following findings of fact and conclusions of law. This Court finds that SCCJ did not maintain an adequate process of administrative remedies. Additionally, Cowan attempted to exhaust those processes that were available.

### FINDINGS OF FACT

Summary Judgment is proper only "if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted), *citing* FED. R. CIV. P. 56(a). On Summary Judgment, the Court construes all facts in the light most favorable to the non-moving party (here, Cowan) and draws all reasonable inferences in his favor. *Ogden v. Atterholt,* 606 F.3d 355, 358 (7th Cir. 2010).[1] But in the context of a

---

[1] In *Pavey v. Conley*, the Seventh Circuit Court of Appeals rejected as unpersuasive the Ninth Circuit Court of Appeals' approach of raising the affirmative defense of failing to exhaust remedies as an "unenumerated Rule 12(b) motion." Pavey, 544 F.3d 739, 741 (7th Cir. 2008). As a result, this Court typically handles the issue of exhaustion on a motion for summary judgment rather than a motion to dismiss.

hearing on failure to exhaust administrative remedies, the Court must resolve any factual disputes material to the exhaustion issue. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

In this case, the material facts and sequence of events relevant to the dispositive motions are generally not in dispute. Rather, the parties dispute whether the SCCJ provided pretrial detainees like Cowan a legitimate grievance procedure as contemplated by the PLRA, and whether Cowan's actions were sufficient to meet the PLRA's exhaustion requirements.

From September 2, 2008 until June 4, 2009, Cowan was a pretrial detainee in the SCCJ, where he was being held on bond awaiting trial for felony charges. During the entirety of this roughly 40-week period, Cowan was quartered in the medical infirmary, a housing assignment he alleges was done in bad faith. Cowan is an amputee (his right arm is missing from above the elbow) and has unspecified issues with his right knee.[2] He alleges that while housed in the infirmary he never saw a doctor, though he did see nurses on numerous occasions. Cowan further alleges that because of his housing assignment he was denied all access to exercise and recreation by Defendants. And Cowan claims Defendants never responded to his numerous verbal and written complaints. At the *Pavey* hearing, Cowan testified that he placed his written complaints in the housing block's open bar-frame for pickup by a correctional officer. (Doc. 39, 22:9–24). The Court finds this unrebutted testimony credible.

---

In the instant case, a single *Pavey* evidentiary hearing was held for both the motion to dismiss (Doc. 20) and the motion for summary judgment (Doc. 27). Because the evidence relevant to both motions is identical, the Court will apply the same standard to both motions and construe all facts in the light most favorable to Plaintiff. The Court reminds Defense Counsel that the burden of proving the affirmative defense of failure to exhaust lies with Defendants. And because sustaining this burden will typically require defendants to put forth evidence, ordinarily a motion under FED. R. CIV. P. 12(b) based on a failure to exhaust will not be well taken.

[2] In their briefs, Defendants claim that Cowan suffers from a severe arthritis in his right knee. Cowan disputes this characterization and claims there is no medical evidence to support that diagnosis. Defendants submitted a copy of Cowan's medical records and it is clear from those records that he frequently complained of, and was treated for, pain in his right knee.

Defendants Mearl Justus (the County Sheriff) and Phillip McLaurin (the SCCJ Superintendent) argue they "do not have one complaint or grievance from Plaintiff on file." (Doc. 21). Defendants point to the Detainee Rules and Regulations book given to every detainee, which clearly states that "if you have any complaints, put them in writing and submit them to the Jail Superintendent, or [Sheriff Justus]." (Doc. 21-2, p. 3). To each detainee, Defendants also issue the "St. Clair County Sheriff's Department Request-Complaint Form." (Doc. 21-3).

Superintendent McLaurin points to his "special interest" in Cowan (Doc. 21-4, 1:5), who McLaurin testified had direct access to him (Doc. 39, 8:24–25). According to his testimony, McLaurin personally resolved some of Cowan's grievances. (*Id.* at 8:14–19). And McLaurin testified that Cowan had access to a copying machine (*Id.* at 10:18–23) and was aware of the grievance procedures available to all detainees (*Id.* at 8:6–13). The Court finds McLaurin's testimony credible, but not dispositive of the issues.

In light of these facts, Defendants argue Cowan was clearly aware of the grievance procedures but failed to follow them. Further, Defendants argue that if Cowan actually wrote complaints, as he alleges, then he should have made copies. Cowan responds that, in reality, he had very minimal interaction with McLaurin, and that he had an expectation that his complaints would be returned to him, but none ever were. According to Cowan, SCCJ does not have any formal or informal grievance procedures, so none were available to him.

### CONCLUSIONS OF LAW

Lawsuits filed by prisoners[3] are governed by 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that "no action shall be brought with

---

[3] Pre-trial detainees like Cowan are subject to the PLRA's exhaustion requirement. The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added). "The contours of the exhaustion requirement are set by the prison grievance system in each state." *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate must take all the steps required by the prison or jail's grievance system in order to properly exhaust his administrative remedies. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002).

But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13, 2009 WL 330531 (7th Cir. 2009), *citing Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Generally speaking, if an inmate follows the prescribed steps and can do nothing more, then available remedies were exhausted. *Wilder*, 310 F. App'x at 13. An inmate forfeits the grievance process when he causes the unavailability of a remedy by not filing or appealing a grievance. S*ee Kaba*, 458 F.3d at 684. Nevertheless, an inmate "cannot be faulted for not knowing how best to respond to the prison authorities' inaction." *Wilder*, 310 F. App'x at 14, *citing Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006). Further, "when a grievance meets all of the Administrative Code's written requirements, it cannot be dismissed because of a requirement on which 'the administrative rulebook is silent.'" *Dole*, 438 F.3d at 810, *quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Once again, only those grievance procedures which are in reality implemented—and thereby available—must be exhausted.

Here, the Court finds, as a matter of law, that the St. Clair County Jail—at the time Cowan was housed as a detainee—did not have a legitimate grievance procedure available to detainees like Cowan. It follows that it is impossible to find that Cowan failed to exhaust non-existent administrative remedies. Indeed, another Magistrate Judge in this Court came to the same conclusion when he found that "the St. Clair County Jail has not provided any steps or procedures by which an inmate is to exhaust his administrative remedies." *Miller v. Shah*, 2011 WL 2672257, *4 (S.D. Ill. June 8, 2011). The Court also finds that Cowan attempted to exhaust those administrative remedies—as deficient as they were—that were available to him.

Regarding whether any administrative remedies were, in fact, available to Cowan, Defendants rely on the SCCJ Complaint form and on the Detainee Rules and Regulations book, both of which Cowan could have accessed. According to Defendants, a single sentence within the Detainee Rules and Regulations book—combined with the standard complaint form—constitute the standard administrative grievance procedures SCCJ detainees are required to exhaust. But Defendants' claim that the SCCJ had a legitimate grievance procedure is undercut by the reality that there are at least two different "procedures." One so-called procedure is outlined in the single sentence in the Detainee Rules and Regulations book: anyone with a complaint should write the Jail Superintendent or the Sheriff. (Doc. 21-2, p. 3). Another "procedure" appears to be contemplated by the formal complaint form allegedly given to each detainee. (Doc. 21-3). While that form has signature lines for an Officer, Supervisor, and Administrator, it gives no indication what role those personnel play in any grievance process.

Rather than provide a standard administrative grievance procedure, the SCCJ gives detainees dissonant direction. The Rules and Regulations book does not tell detainees that (as implied by the complaint form) an Officer and Supervisor are part of a grievance process. The complaint form

does not clarify or formalize a detainee's option (as explicitly mentioned in the Rules and Regulations book) to write the Sheriff.

And neither the Rules and Regulations book nor the complaint form contain any information regarding an appeal procedure. A detainee like Cowan would not know whom to contact if his grievance is not resolved to his satisfaction. In short, Defendants have failed to meet their burden because no grievance procedures, as contemplated by the PLRA, actually existed at the SCCJ.

Even if the dissonant SCCJ "procedures" did constitute a legitimate grievance procedure, Cowan satisfied the PLRA's exhaustion requirement by attempting to exhaust the deficient procedures available. At the September 27, 2011 *Pavey* hearing, Defendants attempted to distinguish Cowan's situation from the detainee-plaintiff's situation in *Miller* (where a SCCJ detainee was held to have satisfied the exhaustion requirement) by claiming Cowan had direct access to the Jail Superintendent and was aware of the grievance procedures. Defendants argued that Cowan should have complained directly to Superintendent McLaurin, who allegedly resolved two other issues on Cowan's behalf and in his favor. And Defendants claim that Cowan should have, at a minimum, made copies of his written complaints. Defendants' arguments misapprehend the fact that it is there burden to prove this affirmative defense.

Defendants have failed to meet their burden, in part, because Defendant McLaurin's testimony that he never saw a grievance from Cowan is not enough to overcome Cowan's testimony that he, in fact, submitted numerous written grievances. Unlike the *Miller* defendants, who put forth an affidavit from a jail administrator who apparently checked through numerous files, no such efforts were documented or attested to here. As such, the affirmative evidence here that Cowan failed to exhaust his administrative remedies is even sparser than in *Miller*. And it does not follow that because McLaurin resolved other informal complaints on Cowan's behalf that Cowan must not

have ever complained about his lack of access to exercise or recreation. Nor is it enough for Defendants to claim that because Cowan had access to a copy machine he should have made copies of his formal written complaints. Defendants have failed to put forth sufficient affirmative evidence that Cowan failed to exhaust his administrative remedies, assuming any such remedies actually existed.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant St. Clair County Sheriff's Department's Motion to Dismiss for Failure to Exhaust (Doc. 20), and the Motion for Summary Judgment for Failure to Exhaust (Doc. 27) filed by Defendant Jennifer Rude-Little, both be **DENIED,** and the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within **fourteen (14) days** of being served with a copy. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Accordingly, **Objections to this Report and Recommendation must be filed on or before Wednesday, November 16, 2011.**

IT IS SO ORDERED.

DATED: November 2, 2011.

/s/ ***Stephen C. Williams***
**STEPHEN C. WILLIAMS**
**United States Magistrate Judge**