IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD F. COWAN,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )     Case No. 10−cv−0521−MJR−SCW |
| | ) |
| **JENNIFER RUDE-LITTLE,** | ) |
| | ) |
|        **Defendant.** | ) |

## REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). After the plaintiff failed to appear at a telephonic status conference on November 14, 2012, Defendant moved orally for the Court to grant its pending summary judgment motion, and alternatively to dismiss Plaintiff's claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41. It is **RECOMMENDED** that Defendants' oral motion for dismissal be **GRANTED**, and that the case be **DISMISSED**.

### BACKGROUND

Plaintiff Reginald Cowan, who at the time resided in Illinois' Jacksonville Correctional Center, sued Defendant Rude-Little and three other defendants (McLaurin, Justus, and St. Clair County) in July 2010. Pursuant to his obligation to keep the parties and the Court informed of his whereabouts (*see* Doc. 12, 9–10), Cowan filed two notices of change of address during the pendency of this action: on September 6, 2011, he was discharged from Department of Corrections and provided an East St. Louis mailing address. In December 2011, he moved from East St. Louis to Chicago, where he provided a mailing address on South Calumet Avenue. All Court orders have been mailed to Mr. Cowan at the respective addresses he provided.

1

After a joint stipulation of dismissal was filed, Defendants McLaurin, Justus, and St. Clair County were dismissed with prejudice in April 2012. The only remaining defendant is Jennifer Rude-Little, whom Cowan alleges acted with deliberate indifference to his serious medical needs by keeping him confined in the infirmary and denying him meaningful exercise and access to the yard, all in violation of the Eighth Amendment.

Defendant Rude-Little filed a motion for summary judgment on September 26, 2012. Both her motion and a Rule 56 notice were mailed to Mr. Cowan's Calumet Avenue Address. Cowan's response to the summary judgment motion was due October 29, 2012. That date came and went without any word from Mr. Cowan, so the undersigned set the case for a telephonic status conference on November 14, 2012. In the notice (which was mailed to him), Mr. Cowan was informed that, "if he fails to appear, his case may be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 41(b)." (Doc. 52). At no point have court-mailed documents been returned as undeliverable (or for any other reason) from the addresses Cowan provided.

Mr. Cowan failed to appear at the November 14 teleconference.

## ANALYSIS

Federal Rule of Civil Procedure 16(f) permits sua sponte sanctions (including those authorized by Federal Rule 37(b)(2)(A)(ii)–(vii)) against a party who fails to appear at a pre-trial conference. **Fed. R. Civ. P. 16(f)(1)(A).** Rule 37(b) authorizes dismissal, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. **Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v).** Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, 9 F.3d at 29. Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**

2

Mr. Cowan's case should be dismissed for failure to prosecute. Cowan had previously fulfilled his obligations to keep the court abreast of his whereabouts. But Cowan did not respond to Defendant's summary judgment motion, nor did he take the simple step of calling in for a telephonic status conference. Even though he knew of the consequences of his actions—Defendant's Rule 56 notice and the Court's express warning both indicated his case could be over if he failed to respond—Mr. Cowan has apparently decided not to prosecute his case. Mr. Cowan was given specific warnings that his case would be subject to dismissal should he fail to appear, and continued to neglect his case. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rules 16(f) and 41(b). **See Lucien, 66 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

Because the case should be dismissed with prejudice, there is no need to analyze the merits of any pending motions. Defendant Rude-Little's Motion for Summary Judgment should be found **MOOT**.

## CONCLUSION

It is therefore **RECOMMENDED** that Defendant's oral motion for dismissal be **GRANTED**, and that Mr. Cowan's case be **DISMISSED WITH PREJUDICE** for his failure to diligently prosecute his case. Defendant Rude-Little's Motion for Summary Judgment (Doc. 50) should be found **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir.**

2004).  Objections to this Report and Recommendation must be filed on or before December 3, 2012.

    **IT IS SO RECOMMENDED.**

    Dated: **November 15, 2012**                  */s/ Stephen C. Williams*
                                                  **STEPHEN C. WILLIAMS**
                                                  United States Magistrate Judge